IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:24-CR-90-FL

| UNITED STATES OF AMERICA | |
|---|---|
| v. | MEMORANDUM AND RECOMMENDATION |
| TARUEZ EVERETTE, | |
| Defendant. | |

This matter is before the court on Defendant's motion for leave to file a motion to dismiss or strike, [DE-28], and motion to dismiss or strike an allegation of prior conviction under 18 U.S.C. § 924(e) from the indictment, [DE-29]. The government does not oppose the motion to dismiss. [DE-33]. For the reasons stated below, it is recommended that Defendant's motions be allowed.

I.  **Background**

On March 12, 2024, Defendant was indicted by the Grand Jury for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. [DE-1]. The indictment also contained an allegation that Defendant "committed the violation alleged in the Indictment after at least three previous convictions for violent felonies, as defined in Title 18, United States Code, Section 924(e)(2), had become final, and said offenses were committed on occasions different from one another." *Id.* As a result, under the Armed Career Criminal Act ("ACCA"), the penalty for the § 922(g) conviction increased from a maximum sentence of 15 years' imprisonment to a minimum sentence of 15 years' imprisonment. *See United States v. Shanton*, 125 F.4th 548, 551 (4th Cir. 2025) (citing 18 U.S.C. § 924(e)); Penalty Sheet [DE-5].

On January 18, 2025, Defendant filed the instant motion for leave to file, [DE-28], and motion to dismiss or strike the ACCA allegation from the indictment, [DE-29], on the grounds that

the government cannot make the requisite showing for ACCA to apply. The motion for leave stated that "counsel for the government indicated she would object to any out of time motions to dismiss or strike the ACCA allegation from the indictment." [DE-28] at 3 ¶ 11. However, the government did not initially respond to either motion. After the court directed the government to file a response, [DE-32], the government indicated that it does not oppose the motion to dismiss the ACCA allegation from the indictment, [DE-33].

## II. Discussion

### a. Motion for Leave to File [DE- 28]

Defendant's deadline to file pretrial motions was October 7, 2024. [DE-24]. In the motion for leave to file the motion to dismiss, filed January 18, 2025, Defendant states that he has consistently taken the position that the ACCA allegation was wrong, defense counsel discussed this with counsel for the government on several occasions, and defense counsel believed the government agreed that Defendant was not ACCA eligible when he allowed the pretrial motions deadline to expire on October 7, without requesting an extension. [DE-28] at 2 ¶¶ 4–5. However, when defense counsel received a proposed plea agreement on January 14, 2025, it stipulated that Defendant agreed to plead guilty to the indictment containing the ACCA allegation. *Id.* at 3 ¶ 8. The government declined defense counsel's request to consider dismissing the indictment with the ACCA allegation and allowing Defendant to plead to a criminal information which does not contain an ACCA allegation, and also indicated it would object to any out of time motions to dismiss or strike the ACCA allegation from the indictment. *Id.* at 3 ¶¶ 10–11. Defendant promptly thereafter filed this instant motion for leave to file a motion to dismiss.

Pursuant to Fed. R. Crim. P. 12(c)(2), "[a]t any time before trial, the court may extend or reset the deadline for pretrial motions." Additionally, the court may consider an untimely pretrial

2

motion for good cause shown. Fed. R. Crim. P. 12(c)(3). Here, given the government's lack of opposition to the motion to dismiss, it is in the interest of justice to allow the motion for leave to file the motion to dismiss. Alternatively, Defendant has shown good cause for failure to timely file the motion. Accordingly, it is recommended that the court allow the motion for leave to file the motion to dismiss.

### b. Motion to Dismiss ACCA Allegation [DE-29]

Defendant contends that he is ineligible for the ACCA enhancement as a matter of law and the indictment's allegation of prior convictions is wrong. [DE-29] at 1, 3–8.

The § 922(g) conduct charged in the indictment occurred on August 14, 2023, and the indictment alleged that Defendant had at least three previous convictions for violent felonies that had become final. [DE-1]. Defendant's pretrial report lists the following convictions that became final prior to August 14, 2023: (1) Conspiracy to Break and Enter a Building With Intent to Commit Larceny (F), 12CR51053, pleaded guilty 9/3/2012; (2) Breaking and Entering (F), 12CR51341, pleaded guilty 9/13/2014; (3) and Breaking and Entering (F), 13CRS50923 and Common Law Robbery (F), 13CRS50924, pleaded guilty 5/8/2014. [DE-15]. Defendant asserts that the convictions in 12CR51053 for Conspiracy, 12CR51341 for Breaking and Entering, and 13CRS50923 for Breaking and Entering have been expunged since the publication of the pretrial report. [DE-29] at 4 nn.2, 4–5. Defendant also asserts that even before the expunction orders, he only had two ACCA predicates, the convictions for (1) Breaking and Entering (F), 12CR51341; and (2) Breaking and Entering (F), 13CRS50923 and Common Law Robbery (F), 13CRS50924.

The Supreme Court has recognized that expunged convictions are excluded from qualification for enhanced sentencing:

If the offender's prior criminal record includes at least three convictions for "violent

3

felon[ies,]" [] the Armed Career Criminal Act (ACCA) mandates a minimum term of 15 years. See § 924(e)(1). Congress defined the term "violent felony" to include specified crimes "punishable by imprisonment for a term exceeding one year," § 924(e)(2)(B), . . . . Congress amended § 921(a)(20) in 1986 to exclude from qualification for enhanced sentencing "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights [*i.e.*, rights to vote, hold office, and serve on a jury] restored."

*Logan v. United States*, 552 U.S. 23, 23 (2007); *see also United States v. Sellers*, 784 F.3d 876, 883 (2d Cir. 2015) ("Section 921(a)(20) sets out four ways an otherwise qualifying conviction is excluded from consideration as a predicate conviction under the ACCA: expungement, pardon, setting the conviction aside, or restoration of civil rights. 18 U.S.C. § 921(a)(20)."); *United States v. Eubanks*, 617 F.3d 364, 367 (6th Cir. 2010) ("[a]ny conviction which has been expunged or set aside . . . shall not be considered a conviction" sufficient to qualify as one of the predicate three convictions under the ACCA enhancement.") (citing 18 U.S.C. § 921(a)(20)). Defendant asserts that the convictions in 12CR51053 for Conspiracy, 12CR51341 for Breaking and Entering, and 13CRS50923 for Breaking and Entering have been expunged, and the government does not challenge that assertion. Accordingly, Defendant does not have the three requisite ACCA predicates, and the unopposed motion to dismiss or strike the ACCA allegation from the indictment should be allowed.

### III. Conclusion

For the reasons stated herein, it is recommended that the Defendant's motions, [DE-28, -29], be allowed.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until **March 12, 2025** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of

4

the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b). Any response to objections shall be filed by within 14 days of the filing of the objections.

If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985).

Submitted, this the 26th day of February, 2025.

Robert B. Jones, Jr.
United States Magistrate Judge